IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVE JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 08-CV-255-WDS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

**STIEHL, District Judge:**

Before the Court is petitioner Steve Jones's pro se notice of appeal (Doc. 28) regarding the Court's recent denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Docs. 1 & 4). Petitioner does not specifically say what his grounds are for appeal because he has not seen the Court's Order yet. The Order was mailed to an old address, and petitioner now informs the Court of his current address. The Court, however, construes the notice of appeal to include a motion for a certificate of appealability.

"[T]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases for the United States District Courts. A petitioner under 28 U.S.C. § 2255 may not appeal from a final order without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Further, if granted, the certificate of appealability must indicate

1

which specific issue or issues satisfy the required showing. § 2253(c)(3). To make a substantial showing of the denial of a constitutional right, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *accord Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011). "The certificate is a screening device, helping to conserve judicial (and prosecutorial) resources. The obligation to identify a specific issue concentrates the parties' attention (and screens out weak issues); the limitation to constitutional claims also reduces the number of appeals while simultaneously removing a category of claim that … has poor prospects." *Young v. United States*, 124 F.3d 794, 799 (7th Cir. 1997); *accord Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003).

Here, because petitioner has not seen the Court's Order dismissing his motion, his notice of appeal does not set forth any grounds for the issuance of a certificate of appealability. The Court remains convinced that its prior Order is sound. The Court therefore declines to issue a certificate of appealability. *See West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2008) ("A notice of appeal does not give reasons, and a silent document rarely constitutes a 'substantial showing' of anything.").

Accordingly, petitioner's notice of appeal (Doc. 28), construed to include a request for the issuance of a certificate of appealability, is **DENIED**.

    **IT IS SO ORDERED.**

    DATED:   November 14, 2011

                                           /s/  WILLIAM D. STIEHL
                                               DISTRICT JUDGE