IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE JONES | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 08-CV-255-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

In March of 2005, a jury convicted Petitioner Steve Jones of one count of conspiracy to distribute 50 or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and one count of sale of a firearm to a known felon in violation of 18 U.S.C. §§ 2 and 922(d)(1) (Count 2).  *See United States v. Poenitske et al.*, Case No. 02-CR-30145-WDS. Petitioner was sentenced to concurrent sentences of 360 months in prison on Count 1 and 120 months on Count 2.  He appealed, but his appellate counsel filed a motion to withdraw because she could not discern any nonfrivolous arguments.  The Seventh Circuit granted her motion to withdraw and dismissed the appeal in *United States v. Jones*, No. 05-3881, 2007 WL 1046515 (7th Cir. 2007).  Petitioner then filed a habeas petition under 28 U.S.C. § 2255, asserting ineffective assistance of counsel (Doc. 1).  On September 27, 2011, this Court denied Petitioner's § 2255 petition (Doc. 25) and denied his request for a certificate of appealability (Doc. 31). Petitioner appealed to the Seventh Circuit, which affirmed this Court's denial of Petitioner's § 2255 petition on June 4, 2012 (Doc. 44).

Nearly four years later, Petitioner filed his Motion for Procedural Relief (Doc. 46) asserting claims for ineffective assistance of counsel.  Petitioner also filed a Motion to Appoint

Counsel (Doc. 47) and a Motion to Supplement his 28 U.S.C. § 2255 Motion as a Second or Successive Motion Authorized by the Seventh Circuit (Doc. 48).

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 petition must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Here, a preliminary review of Petitioner's motions show that they must be dismissed as unauthorized second or successive habeas petitions.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review." *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is a "second or successive" motion, which a district court may not entertain "unless the prisoner has first obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

Petitioner previously filed a § 2255 petition and received a full round of collateral review. The instant habeas petition is his second and third attempts at relief under § 2255, which require prior approval from the Seventh Circuit. There is no indication, however, that Petitioner has sought permission from the Seventh Circuit to file successive § 2255 petitions. Therefore, this Court is without jurisdiction to consider the pending motions and they must be dismissed. *Obeid*, 707 F.3d at 901 (citing *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)).

Accordingly, Petitioner's Motion for Procedural Relief (Doc. 46), Motion to Appoint Counsel (Doc. 47), and Motion to Supplement his 28 U.S.C. § 2255 Motion as a Second or Successive Motion Authorized by the Seventh Circuit (Doc. 48) are **DENIED**.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Proceedings instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El*, 537 U.S. at 337, 338.

Here, Petitioner did not obtain leave to file a successive § 2255 petition. Accordingly, he is not entitled to issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  November 2, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**